[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 26, 2011
JOHN LEY
CLERK

_____

No. 10-12757
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cr-00004-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS AROLDO ROMERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 26, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Aroldo Romero appeals his 44-month sentence imposed after pleading guilty to illegal reentry after removal, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Under the sentencing guidelines, Romero's offense level was 21 and criminal history category was III, resulting in a guideline range of 46 to 57 months. Romero argues that his below-guideline sentence is substantively unreasonable. After thorough review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We must first "ensure that the district court committed no significant procedural error . . . [and] then consider the substantive reasonableness of the sentence imposed." United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (quotation marks omitted). Procedural errors include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597). We look to the § 3553(a) factors to guide our substantive reasonableness review. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

Romero argues that his sentence is substantively unreasonable because the circumstances of his case warrant less severe punishment in light of the 18 U.S.C. § 3553(a) factors. He does not argue that his sentence was procedurally unreasonable. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)). When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and determine whether the sentence achieves the sentencing goals stated in 18 U.S.C. § 3553(a). United States v. Culver, 598 F.3d 740, 753 (11th Cir. 2010); Pugh, 515 F.3d at 1191. While Romero's sentence is just below the guidelines, we evaluate it being mindful that we ordinarily expect a sentence within the guidelines range to be reasonable. Talley, 431 F.3d at 788. Further, it is within the district court's discretion to weigh the § 3553(a) factors, and "[w]e will not substitute our judgment in weighing the relevant [statutory] factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (citation omitted).

Romero's sentence is substantively reasonable. His sentence is below the guideline range. See Talley, 431 F.3d at 788. It is also well below the twenty-year statutory maximum sentence for illegal reentry. See 8 U.S.C. § 1326(b)(2). It was within the district court's discretion to weigh the § 3553(a) factors, in light of Romero's criminal history, and select a sentence below the guideline range. See Amedeo, 487 F.3d at 832.

AFFIRMED.